WO                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth James Myers, | No. CV 20-01950-PHX-JAT (CDB) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Gila County Sheriffs, *et al.*, | |
| Respondents. | |

Petitioner Kenneth James Myers, who is confined in a Gila County Jail, has filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant the Application and order Petitioner to show cause why the Petition and this case should not be dismissed as moot.

**I.   Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed In Forma Pauperi*s* will be granted. *See* LRCiv 3.5(b).

**II.   Petition**

Petitioner names the Gila County "Sheriffs [sic]" as the Respondents and the Arizona Attorney General as an additional Respondent. Petitioner indicates that he was detained on a fugitive warrant issued in Collin County, Texas. Petitioner also indicates that he was arrested and appeared in the Gila County Justice Court-Payson Regional

1  Justice Court concerning "DR# 2020-10418/warrant# 2020253 Collin County." (Doc. 1
2  at 1.) He refers to an August 18, 2020 hearing before Judge Little in the Payson Regional
3  Justice Court. (*Id.*) Petitioner states that he has not been convicted and is testing the
4  legality of his detention. He claims that he is being held on a civil extradition matter
5  absent a governor's warrant and absent a waiver.

6  In Ground One, Petitioner states that he has no current Arizona charges and that
7  cases 2020IA472 and 2020IA473 have both been dropped. He states that he is currently
8  only being held on the Collin County fugitive warrant pending extradition, which is a
9  civil matter. Petitioner states that on August 21, 2020, the Arizona charges were dropped
10 by the state leaving him held solely on an extradition warrant. Petitioner alleges that the
11 time to obtain a Governor's requisition or release him expired on September 18, 2020,
12 but he continued to be detained past that date.

13 In Ground Two, Petitioner alleges that he has not received a copy of the fugitive
14 complaint and claims that he has no knowledge of a pending warrant or knowledge of
15 crimes committed in Texas. He alleges that the "agency" holding him claims not to have
16 information on the warrant or a case number, apparently referring to the Gila County
17 Sheriff's Office (GCSO). He alleges that the judge in charge of the extradition matter,
18 asked about an identity hearing, in which Petitioner expressed interest, and the judge
19 showed Petitioner a Gila County booking photo from an arrest in which all charges had
20 been "vacated." Petitioner states that he has been in custody "the whole time making
21 crime in Texas impossible." Petitioner asserts that his due process rights have been
22 violated by the Gila County Sheriff because he has been detained past the date specified
23 by the Justice Court.

24 In Ground Three, Petitioner claims that he has been detained beyond the time
25 authorized by Justice Court Judge Little. Petitioner seeks immediate release.

26 In Ground Four, Petitioner alleges that he is being detained absent the proper
27 fugitive complaint from the State of Texas and without the signature of the Texas
28 governor, that he has been denied the right to an attorney, and that his due process rights

are being violated. Petitioner claims that he has no pending Arizona charges and that Texas has failed to comply with requirements with respect to extradition to Texas. He asserts a violation of his due process rights.

Petitioner has attached the following documents to his Petition:

- A "Gila County Justice Court, Payson Regional Justice Court Initial Appearance for Fugitive," which reflects that a criminal fugitive warrant for forgery was issued by Texas. (Doc. 1 at 12.) The document specifically states that Petitioner has the right to test the legality of his incarceration in Arizona by filing a petition for a writ of habeas corpus *in the Gila County Superior Court* or to waive challenges to extradition.

- An August 18, 2020 "Misdemeanor/Felony Release Conditions and Release Order," which reflects that "Bond for Other Court," specifically Collin County Texas, required an appearance bond of $20,000 with Petitioner to appear in court within ten days of release. (*Id.*) Petitioner was ordered to appear on August 28, 2020 and to comply with conditions of release, if he posted bond. This release order was executed by Petitioner.

- An August 18, 2020 Gila County search warrant authorizing a search of Plaintiff, a vehicle, two different i-phones, a tablet, and a laptop for evidence of fraud, drugs, and drug paraphernalia. (*Id.* at 15-16.)

- An August 18, 2020 "Criminal Complaint Fugitive from Justice" issued by the Gila County Justice Court, Payson Precinct. (*Id.* at 17-18). The Criminal Complaint reflects that Petitioner was charged on July 14, 2020 in municipal court in Collin County Texas with forgery in violation of "TX 32.21" and that Petitioner was taken into custody on August 17, 2020. (*Id.*)

- An August 18, 2020 Order in which the Justice of the Peace ordered Petitioner held in the Gila County Jail for a period not to exceed 30 days unless he gave bail or was legally discharged. (*Id.*)

- A September 11, 2020 letter from the Payson Justice Court stating that Petitioner had no further pending cases at the Justice and Magistrate Courts, referring to cases 2020IA472 and 2020IA473.[1] (*Id.* at 19.)

- A September 10, 2020 letter form Gila County Superior Court stating the

---

[1] These case numbers appear to refer to initial appearance proceedings in Gila County courts.

- 3 -

court showed no record for cases 2020IA472 and 2020IA473. (*Id.* at 20.)

The Petition was signed by Plaintiff on September 21, 2020. According to information available online, on September 22, 2020, Petitioner was indicted in Gila County Superior Court, case# CR 2020-00380, for fraudulent schemes and artifices.[2] A warrant for Petitioner's arrest was issued September 30, 2020, and Petitioner's initial appearance was held the same day.[3] Copies of minute entries in the case are not available online.

### III.  Habeas Corpus Relief

"Section 2254 confers jurisdiction on a district court to issue 'a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court . . .* on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.'" *Stow v. Murashige*, 389 F.3d 880, 885 (9th Cir. 2004) (quoting 28 U.S.C. § 2254(a) (emphasis added); *see Felker v. Turpin*, 518 U.S. 651, 662 (1996) (authority to grant habeas corpus relief to state prisoners is limited by § 2254). "'By contrast, the general grant of habeas authority in § 2241 is available to challenges by a state prisoner who is *not* in custody *pursuant to a state court judgment*-for example, a defendant in pre-trial detention or awaiting extradition.'" *Id.* at 886 (emphasis added) (conviction reversed on appeal) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies)). *See also Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).

Petitioner commenced this case to challenge his detention pending extradition

---

[2] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, search case CR202000380 (last accessed Oct. 7, 2020).

[3] *See* n.1, *infra.*

- 4 -

proceedings.[4] As such, the Court construes the Petition to seek relief under 28 U.S.C. § 2241, not § 2254.

The Extradition Clause of the Constitution is intended to enable a state to bring an offender to trial as swiftly as possible in the state where the alleged offense was committed and to preclude any state from becoming a sanctuary for fugitives from justice of another state. *Michigan v. Doran*, 439 U.S. 282, 287-88 (1978). Thus, interstate extradition is intended to be a summary and mandatory executive proceeding. *Id.* at 288. Nevertheless, "the courts of an asylum state are bound by Art. IV, § 2, by [18 U.S.C.] § 3182, and, where adopted, by the Uniform Criminal Extradition Act." *Id.* at 288 (internal citation omitted). The Uniform Criminal Extradition Act (UCEA) includes procedural safeguards that serve as "a means of ascertaining whether the evidence is sufficient to detain and deliver the accused for trial in another state."[5] *Draper v. Coombs*, 792 F.2d 915, 920 (9th Cir. 1986) (quoting *Smith v. Idaho*, 373 F.2d 149, 155 (9th Cir. 1967) (emphasis added)). Claims relating to "what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the

---

[4] As noted above, it appears that Petitioner has since been charged with criminal offenses in Arizona. Petitioner does not seek relief in the current Petition as to that case.

[5] The UCEA provides:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State." *New Mexico v. Reed*, 524 U.S. 151, 153 (1998) (citations omitted).  It is simply not for officials or courts in the asylum state to make determinations, beyond those authorized by the Supreme Court, which affect a demanding state's constitutional right to obtain custody of fugitives from its justice. *See Puerto Rico v. Branstad,* 483 U.S. 219, 227 (1987) ("the commands of the Extradition Clause are mandatory, and afford no discretion to the executive officers or the courts of the asylum state").  Arizona has enacted UCEA provisions.  Ariz. Rev. Stat. §§ 13-3841-13-3870.02.  Texas has also enacted UCEA provisions.  Vernon's Ann. Texas C.C.P. Art. 51.13.

As noted above, it appears that since Petitioner prepared his Petition, i.e., September 21, 2020, he has been indicted on a criminal charge in Arizona and is currently in custody as to the Arizona charge.  Thus, it appears that Petitioner's challenge to his detention in connection with extradition proceedings is moot.  The Court will grant Petitioner 20 days to show cause why the Petition and this case should not be dismissed as moot.

**IT IS ORDERED:**

(1)   Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)   The Petition (Doc. 1) is **construed** as filed pursuant to 28 U.S.C. § 2241.

(3)   No later than **20 days** from the filing date of this Order, Petitioner must file a "Notice" in which he shows cause why the Petition and this case should not be dismissed as moot.

(4)   The Clerk of Court must dismiss the Petition and this case if Petitioner fails to file a "Notice" in which he shows cause as provided in paragraph (3).

Dated this 9th day of October, 2020.

James A. Teilborg
Senior United States District Judge