**WO**                                                                    SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Kenneth James Myers,

                Petitioner,

v.

Gila County Sheriffs, *et al.*,

                Respondents.

No.   CV 20-01950-PHX-JAT (CDB)

**ORDER**

      Petitioner Kenneth James Myers, who is confined in a Gila County Jail, filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court granted the Application and ordered Petitioner to show cause why the Petition and this case should not be dismissed as moot.  Petitioner has filed a response to the show cause order (Doc. 5).  The Court will discharge the show cause order and dismiss the Petition with leave to file an amended petition naming a proper respondent and describing when and how he has exhausted his challenges to his detention on a fugitive warrant in state court.

**I.**    **Petition**

      Petitioner names the "Gila County Sheriffs [sic]" as the Respondents and the Arizona Attorney General as an additional Respondent.  Petitioner indicated the following in his Petition: he was detained on a fugitive warrant issued from Collin County, Texas; he was arrested and appeared in the Gila County Justice Court-Payson Regional Justice Court concerning "DR# 2020-10418/warrant# 2020253 Collin County"; and he appeared at an

August 18, 2020 hearing before Judge Little in the Payson Regional Justice Court.  (*Id.*)
Petitioner alleged that he had not been convicted and was testing the legality of his
detention.  He claimed that he was being held on a civil extradition matter absent a
governor's warrant and absent a waiver.  Petitioner attached the following documents to
his Petition:

- A "Gila County Justice Court, Payson Regional Justice Court Initial Appearance for Fugitive" document, which reflects that a criminal fugitive warrant for forgery was issued by Texas.  (Doc. 1 at 12.)  The document specifically states that Petitioner has the right to test the legality of his incarceration in Arizona by *filing a petition for a writ of habeas corpus in the Gila County Superior Court* or to waive challenges to extradition.

- An August 18, 2020 "Misdemeanor/Felony Release Conditions and Release Order," which reflects that "Bond for Other Court," specifically Collin County, Texas, required an appearance bond of $20,000 with Petitioner to appear in court within ten days of release.  (*Id.*)  Petitioner was ordered to appear on August 28, 2020 and, if he was released, to comply with conditions of release.

- An August 18, 2020 Gila County search warrant authorizing a search of Plaintiff, a vehicle, two cellular telephones, a tablet, and a laptop for evidence of fraud, drugs, and drug paraphernalia.  (*Id.* at 15-16.)

- An August 18, 2020 "Criminal Complaint Fugitive from Justice" issued by the Gila County Justice Court, Payson Precinct.  (*Id.* at 17-18).  The Criminal Complaint reflects that Petitioner was charged on July 14, 2020 in municipal court in Collin County, Texas, with forgery in violation of "TX 32.21" and that Petitioner was taken into custody on August 17, 2020.  (*Id.*)

- An August 18, 2020 Order in which the Justice of the Peace ordered Petitioner held in the Gila County Jail for a period not to exceed 30 days unless he posted bail or was legally discharged.  (*Id.*)

- A September 11, 2020 letter from the Payson Justice Court stating that Petitioner had no further pending cases at the Justice and Magistrate Courts and referring to cases 2020IA472 and 2020IA473.[1]  (*Id.* at 19.)

---

[1]  These case numbers appear to refer to initial appearance proceedings in Gila County courts.

JDDL

- A September 10, 2020 letter from Gila County Superior Court stating the court showed no record for cases 2020IA472 and 2020IA473.  (*Id.* at 20.)

The Petition was signed by Plaintiff on September 21, 2020.

## II.     Response to Order to Show Cause

On September 22, 2020, Petitioner was indicted in Gila County Superior Court, case# CR 2020-00380, for fraudulent schemes and artifices.[2]  A warrant for Petitioner's arrest was issued September 30, 2020, and Petitioner's initial appearance was held the same day.[3]  According to the docket in CR 2020-00380, the charge remains pending against Plaintiff, who remains in custody.[4]

On January 11, 2021,[5] proceedings in the Gila County Superior Court case concerning Petitioner's fugitive warrant, FW 2020000017, were continued.[6]

As reflected by Petitioner's Response to the Show Cause Order, the Fugitive Warrant case, FW 2020-00017, remains pending against Petitioner.[7]  Therefore, the Court will discharge the Show Cause Order.

## III.     Lack of Personal Jurisdiction

A petitioner for habeas corpus relief under 28 U.S.C. § 2241 must name the state officer having custody of him as the respondent to the petition.  *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).  In a case concerning pretrial detention, this person is the sheriff of the institution where the petitioner is incarcerated.  When a habeas petitioner has failed to name a respondent who

---

[2] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, search case CR202000380 (last accessed Jan. 21, 2021).

[3] *See* n.1, *infra.*

[4] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, search CR 2020-00380 (last accessed Jan. 21, 2021).  Only some of the minute entries in this case are viewable online, the October 27, 2020 Minute Entry reflects that the trial court granted Petitioner leave to represent himself with the assistance of advisory counsel.  *See id.*, click "search for case minutes" and October 27, 2020 minute entry (last accessed Jan. 21, 2021.)

[5] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, search FW 202000017 (last accessed Jan. 21, 2021).

[6] Copies of minute entries in that case are not available online.

has the power to order the petitioner's release, the Court "may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief." *Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004).

Petitioner has named "Gila County Sheriffs" as Respondents, but he has not named *the* Gila County Sheriff as a Respondent. Therefore, the Petition will be dismissed, and Petitioner will be given an opportunity to amend his Petition to name a proper Respondent.

**IV.   Additional Information to Include in an Amended Complaint**

As stated in its previous Order, the Court considers Petitioner's Petition under 28 U.S.C. § 2241. *See Whelan v. Noelle*, 966 F. Supp. 992, (D. Ore. Feb. 13, 1997). Section 2241 does not specifically require a petitioner to exhaust state remedies before filing a federal petition for habeas corpus. *See Snyder v. Flathead Co. Detention Center*, No. CV19-00019, 2019 WL 1547292, at *1 (D. Mont. Jan. 28, 2019) (Report & Recommendation), *adopted* 2019 WL 1542871 (D. Mont. Apr. 9, 2019). The Ninth Circuit, however, "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241" in immigration proceedings. *Id.* (citing *Castro-INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006)). Further, "[i]n the ordinary case, exhaustion of state remedies is a prerequisite to seeking habeas corpus in the federal court to avoid extradition." *Whelan*, 966 F. Supp. at 997 (citing cases); *Snyder*, at *1; *see also Daniels v. United States Probation*, No. 9:20cv0655, 2020 WL 3893006, at *2 (N.D.N.Y. July 10, 2020); *Finch v. Davidson Co. Sheriffs Dep't*, No. 3:20cv91, 2020 WL 690658, at *2 (N.D. Tex. Jan. 21, 2020). As described in *Whelan*,

> The Supreme Court, after tracing the development of the exhaustion doctrine, stated it in the leading case of *Ex parte Hawk,* 321 U.S. 114, 116-17, 64 S. Ct. 448, 450, 88 L. Ed. 572 (1944) as follows:
>
>> "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or by writ of certiorari, have been exhausted."

In *United States ex rel. Drury v. Lewis,* 200 U.S. 1, 7, 26 S. Ct. 229, 231, 50 L. Ed. 343 (1906), the Supreme Court had further expounded the reason for the prevailing doctrine as follows:

> "It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom."

966 F. Supp. at 997.  But the exhaustion doctrine is not jurisdictional; rather, it is a rule of comity.  Therefore, upon a showing of special circumstances, a district court can act in the absence of exhaustion.  *Id.*

Under Arizona law, the only remedy for a prisoner challenging extradition proceedings is to petition for a writ of habeas corpus in *state* court.  *State v. Jacobson*, 526 P.2d 784, 789 (Ariz. Ct. App. 1974).  Arizona Revised Statutes § 13-3850 (formerly § 13-1310) provides that once the governor's warrant of extradition has issued, the accused may bring a habeas corpus action to question the adequacy of the requisition.  *Application of Stewart*, 573 P.2d 504 (Ariz. Ct. App. 1977).  However,

> the duties of the trial court when such an application [for habeas corpus relief] is made have been specifically limited by the Arizona Supreme Court and these limitations must be adhered to.  The areas of proper inquiry are limited to findings: "(1) that the complaint issued out of the demanding state was made on an affidavit; (2) that it substantially charges an offense; (3) that it is made to appear the accused is a fugitive from justice."

*Id.* (quoting *Application of Oppenheimer*, 389 P.2d 696 (1964), and citing *Powell v. State*, 507 P.2d 989 (1973), and *Application of Montgomery*, 546 P.2d 1155 (1976)).

Petitioner does not allege whether the Arizona governor, or his designee, has issued a warrant of extradition and, if he has, whether Petitioner has filed a petition for writ of habeas corpus to the Gila County Superior Court.  In an amended petition, Petitioner should state (1) whether the Arizona governor, or his designee, has issued an extradition warrant, and (2) whether Petitioner has filed a petition for writ of habeas corpus in the Gila County Superior Court, or any other state court, and if so, the status of such petition.

1  **V.     Leave to Amend**

2          For the foregoing reasons, Petitioner's Petition will be dismissed with leave to

3  amend.   Within 30 days, Petitioner may submit a first amended petition to cure the

4  deficiency outlined above.  The Clerk of Court will mail Petitioner a court-approved form

5  to use for filing an amended petition.

6          If Petitioner fails to file his amended petition on the court-approved form included

7  with this Order, it will be stricken, and the action dismissed without further notice to

8  Petitioner.

9          The amended petition must be retyped or rewritten in its entirety on the court-

10  approved form and may not incorporate any part of the original Petition by reference.  Any

11  amended petition submitted by Petitioner should be clearly designated as such on the face

12  of the document.

13          An amended petition supersedes the original petition.  *Ferdik v. Bonzelet*, 963 F.2d

14  1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d

15  1542, 1546 (9th Cir. 1990).   After amendment, the original pleading is treated as

16  nonexistent.  *Ferdik*, 963 F.2d at 1262. Any ground for relief that was raised in the original

17  petition and that was voluntarily dismissed or was dismissed without prejudice is waived

18  if it is not alleged in an amended petition.  *Lacey v. Maricopa County*, 693 F.3d 896, 928

19  (9th Cir. 2012) (en banc).

20  **VI.    Warnings**

21          **A.      Address Changes**

22          Petitioner must file and serve a notice of a change of address in accordance with

23  Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion

24  for other relief with a notice of change of address.  Failure to comply may result in dismissal

25  of this action.

26          **B.      Possible Dismissal**

27          If Petitioner fails to timely comply with every provision of this Order, including

28  these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

1  F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order

2  of the Court).

3  **IT IS ORDERED:**

4       (1)    The Show Cause Order is **discharged**.

5       (2)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed**

6  **without prejudice, with leave to amend**.  Petitioner has **30 days** from the date this Order

7  is filed to file an amended petition.

8       (3)    The Clerk of Court must enter a judgment of dismissal without prejudice of

9  this action, without further notice to Petitioner, **if** Petitioner fails to submit an amended

10  petition on the court-approved form within 30 days from the filing date of this Order and

11  deny any pending unrelated motions as moot.

12       (4)    The Clerk of Court must send Petitioner the current court-approved form for

13  filing a "Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus."

14       Dated this 29th day of January, 2021.

15

16

17

18                                   James A. Teilborg
                                     Senior United States District Judge

19

20

21

22

23

24

25

26

27

28

**JDDL**

- 7 -

**Instructions for Filing a Petition Under 28 U.S.C. § 2241
for Writ of Habeas Corpus by a Person in Federal Custody
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you are detained**.  *See* LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.  If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your

petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a). **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>**OR**</td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Respondent(s)
> _____
> (Signature)

9. Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention corpus you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Exhaustion</u>.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____

Name and Prisoner Number/Alien Registration Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)

                Petitioner,

v.

_____ ,

(Name of Warden, Jailor or authorized person having custody of Petitioner)

                Respondent.

**CASE NO.** _____

           (To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1.   What are you challenging in this petition?
     ☐   Immigration detention
     ☐   Bureau of Prisons sentence calculation or loss of good-time credits
     ☐   Probation, parole or supervised release
     ☐   Other (explain): _____

    _____

2.   (a)  Name and location of the agency or court that made the decision you are challenging: _____

    _____

    (b)  Case or opinion number: _____

    (c)  Decision made by the agency or court: _____

    _____

    _____

    (d)  Date of the decision: _____

**530**

3.  Did you appeal the decision to a higher agency or court?      Yes ☐     No ☐

If yes, answer the following:

(a)  First appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____
    _____
    _____
    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____
    _____
    _____
    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____
_____
_____
_____
_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?          Yes ☐          No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**   <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: _____

_____
_____
_____
_____
_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

    (b)  Did you exhaust all available administrative remedies relating to Ground One?     Yes ☐     No ☐

    (c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____
_____
_____
_____
_____
_____
_____
_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☐     No ☐

(c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND THREE**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐      No ☐

(c)  If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☐    No ☐

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

7

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐          No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:

(a)   Have you filed a motion under 28 U.S.C. § 2255?          Yes ☐          No ☐

If yes, answer the following:

(1) Name of court: _____

(2) Case number: _____

(3) Opinion or case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
_____
_____
_____
_____

8.   If this case concerns immigration removal proceedings, answer the following:

(a)   Date you were taken into immigration custody: _____

(b)   Date of removal or reinstatement order: _____

(c)   Did you file an appeal with the Board of Immigration Appeals?   Yes ☐          No  ☐

(1) Date you filed: _____

(2) Case number: _____

(3) Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?    Yes ☐          No ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


      I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____
**Signature of Petitioner**


_____          _____
Signature of attorney, if any                                         Date

9