WO                                                                                                             SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth James Myers,<br><br>Petitioner,<br><br>v.<br><br>Gila County Sheriffs, et al.,<br><br>Respondents. | No.   CV 20-01950-PHX-JAT (CDB)<br><br><br><br>**ORDER** |

Petitioner Kenneth James Myers, who was then-confined in a Gila County Jail, filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court granted the Application and ordered Petitioner to show cause why the Petition and this case should not be dismissed as moot.  Petitioner filed a response to the show cause order (Doc. 5) and the Court discharged the show cause order and dismissed the Petition with leave to file an amended petition naming a proper respondent and describing when and how he had exhausted his challenges to his detention on a fugitive warrant in state court (Doc. 6). Petitioner has filed an amended "Petition for Habeas Corpus" (Doc. 7), seeking habeas corpus relief under 28 U.S.C. § 2254[1] (hereafter, "Amended Petition").

**I.    Background**

During the summer of 2020, Gila County Sheriff's officers conducted a traffic stop

---

[1] Petitioner also seeks habeas corpus relief under Arizona state statutes.  A petition for habeas corpus relief in *federal* court may only be sought under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254.

of Petitioner in Payson, Arizona, and detained Petitioner in the Gila County Jail on an outstanding Collin County, Texas, fugitive warrant for forgery. The fugitive warrant was filed in the Gila County Superior Court, case# FW 202000017. Following Petitioner's initial detention on the fugitive warrant, Petitioner was indicted on September 22, 2020 in Gila County Superior Court, case# CR 2020-00380, with fraudulent schemes and artifices.[2] An arrest warrant issued September 30, 2020, with Petitioner's initial appearance held the same day.[3]

On October 6, 2020, Petitioner commenced this case to challenge his detention on the fugitive warrant. (Doc. 1.) As noted above, the Court ordered Petitioner to show cause why the Petition and this case should not be dismissed as moot, which it subsequently discharged, and dismissed the Petition with leave to file an amended petition.[4]

On January 27, 2021, Petitioner filed a state petition for writ of habeas corpus seeking to challenge the fugitive warrant in state court, which the state court denied. Petitioner's appeal from the denial of his state petition is pending before the Arizona Court of Appeals, case #2 CA-HC 2021-0002. On February 8, 2021, Petitioner filed his Amended Petition in this case.[5]

On March 15, 2021, Petitioner entered guilty plea pursuant to a plea agreement, resolving his Arizona charges,[6] and on March 23, 2021, Petitioner was sentenced to two and half years in prison and was transferred to the custody of the Arizona Department of

---

[2] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, search case CR202000380 (last accessed Apr. 7, 2021).

[3] *See* n.1, *infra.*

[4] The Court also described methods for Petitioner to challenge the fugitive warrant in state court.

[5] Despite the Court's express instruction, Petitioner failed to use the court-approved form § 2241 habeas corpus petition.

[6] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, Search CR 2020-00380 (last accessed Apr. 7, 2021).

Corrections (ADC).[7]

## II. Amended Petition

In his Amended Petition, Petitioner names the Gila County Sheriff J. Adam Shepherd as the Respondent. He alleges that he filed a petition for writ of habeas corpus in the Gila County Superior Court pursuant to Arizona Revised Statutes § 13-4121, which authorizes the filing of a state petition for writ of habeas corpus to challenge allegedly unlawful detention. He also claims that he was being detained in the Gila County Jail based upon the fugitive warrant.

## III. Habeas Corpus Relief

In his Amended Petition, Petitioner purports to seek relief under 28 U.S.C. § 2254. "Section 2254 confers jurisdiction on a district court to issue 'a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* . . . on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.'" *Stow v. Murashige*, 389 F.3d 880, 885 (9th Cir. 2004) (quoting 28 U.S.C. § 2254(a)); *see Felker v. Turpin*, 518 U.S. 651, 662 (1996) (authority to grant habeas corpus relief to state prisoners is limited by § 2254). "'By contrast, the general grant of habeas authority in § 2241 is available to challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.'" *Id.* at 886 (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies)); *Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). In such situations, "'not covered

---

[7] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, search CR 2020-00380 (last accessed Apr. 5, 2021). The October 27, 2020 Minute Entry reflects that the trial court granted Petitioner leave to represent himself with the assistance of advisory counsel. *See id.*, click "search for case minutes" and October 27, 2020 minute entry (last accessed Apr. 5, 2021). *See also* https://corrections.az.gov/public-resources/inmate-datasearch, Search First Name "Kenneth" and Last Name "Myers" (appellate court docket) (last accessed Apr. 5, 2021).

by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims.'" *Id.* (citations omitted).

Because Petitioner commenced this case to challenge a fugitive warrant resulting in his initial arrest and detention in the Gila County Jail, this matter is properly considered under 28 U.S.C. § 2241. However, Petitioner was subsequently charged and detained pursuant to an Arizona indictment and was unable to post bond concerning those charges.[8] Subsequently, Petitioner pleaded guilty to an Arizona offense and is currently serving a sentence in the Arizona Department of Corrections.

Given that Petitioner is no longer in the custody of the Gila County Sheriff and is now serving an Arizona state sentence, and that Petitioner has yet to exhaust state court remedies regarding the fugitive warrant, the Court will dismiss the Amended Petition and this case without prejudice. *See Campbell v. Easter*, No. 17-3145, 2017 WL 5598267, at *1 (D. Kan. Nov. 11, 2017) (dismissing petition challenging fugitive warrant for failure to exhaust state court remedies). Petitioner may commence a new habeas corpus case, pursuant to the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2, if Texas officials lodge a detainer against him with the Arizona Department of Corrections.

**IT IS ORDERED:**

(1)   Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 7) is **dismissed without prejudice**.

(2)   The Clerk of Court must enter a judgment of dismissal of this action without prejudice.

Dated this 12th day of April, 2021.

James A. Teilborg
Senior United States District Judge

---

[8] *See* https://apps.supremecourt.az.gov/publicaccess/minutes.aspx, Search case CR2020000380, click "search for case minutes" for Oct. 12, 20, Oct. 26, 20, Feb. 2, 2021, and Feb. 22, 2021 (last accessed Apr. 5, 2021).